UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MISTY McINTIRE,                            )
                                           )
                        Plaintiff,         )   No. C08-0201RSL
                                           )
            v.                             )
                                           )   ORDER REMANDING CASE
SHAWNA DOE and JOHN DOE, husband,          )
and wife, and J.C. PENNEY CORPORATION,     )
                                           )
                        Defendants.        )
_____)

The above captioned matter was recently removed from state court. The Court *sua sponte* requested that defendant provide additional information regarding its assertion that "plaintiff will seek damages in excess of $75,000.00, exclusive of interest and costs." Notice of Removal at 2 (Dkt. # 1). In response, defendant states the following:

> Plaintiff has alleged claims of assault, battery, false arrest, false imprisonment, negligent hiring and negligent supervision. Based on defendant's and undersigned counsel's experience, it is the defendant's belief that the plaintiff intends to assert general and special damages in an amount in excess of $75,000. In the event that the plaintiff intends to represent to this Court that the amount in controversy does not exceed $75,000, and agrees to be estopped from seeking an amount in excess of $75,000, defendant will accept this representation and consequent estoppel.

Defendant J.C. Penney Corporation, Inc.'s Submission of Information Regarding Removal from State Court at 2-3 (Dkt. # 8).

The removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state

ORDER REMANDING CASE

court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Defendant has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute which, in this case, means that J.C. Penney must show that plaintiff seeks more than $75,000 in damages. See, e.g., Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682-83 (9th Cir. 2006).[1]

In her complaint, plaintiff requests damages "in an amount that will fairly compensate plaintiff for all damages sustained" as a result of defendants' false accusations of shoplifting. Plaintiff does not allege any physical injuries or other circumstances that would make a large damage award likely. Although she was angered and embarrassed by the accusations, search, and detention, the complaint on its face does not show that the amount in controversy exceeds $75,000. Nor do the "facts" set forth in defendant's response to the Court's inquiry provide an adequate basis for the Court to find that the jurisdictional amount is satisfied: it is not clear how much experience defendant or its counsel have with false imprisonment verdicts and they make no attempt to identify the nature or extent of plaintiff's injuries. Defendant's response "neither overcomes the strong presumption against removal jurisdiction, nor satisfies [defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (internal quotation marks omitted).

There being no basis for the exercise of federal jurisdiction, this matter is hereby remanded to the Superior Court of Washington in and for the County of Skagit.

---

[1] It is not plaintiff's burden to show that she is not seeking damages in excess of the jurisdictional amount. To the extent defendant removed this case in the hope of wringing a concession from plaintiff regarding the amount of her damages, such tactics would be improper.

ORDER REMANDING CASE                -2-

Dated this 29th day of February, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REMANDING CASE                    -3-